IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENISHO QUINCY HOWSE,

    Plaintiff,                          No. CIV S-07-0010 GEB DAD P

  vs.

J. MAYKEL, et al.,

    Defendants.              <u>ORDER</u>

/

        Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis by a non-prisoner under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  However, the court will not order service on defendant Warden Moore.  Supervisory personnel are generally not liable under § 1983 for the

1

actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Plaintiff's complaint contains only vague and conclusory allegations concerning defendant Moore's involvement in the acts alleged and this is not sufficient to state a cognizable claim against him.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 6, 2007 application to proceed in forma pauperis is granted.

2. Service of the complaint is appropriate for the following defendants:  J. Maykel, R. Russell, A. Brooks, and A. Rodriguez.

3. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 3, 2007.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Five copies of the endorsed complaint filed January 3, 2007.

5. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant.  Upon receipt of the documents

/////

/////

2

1  described above, the court will direct the United States Marshal to serve the above-named
2  defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
3  DATED: October 12, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hows0010.1a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENISHO QUINCY HOWSE,

      Plaintiff,                No. CIV S-07-0010 GEB DAD P

   vs.

J. MAYKEL, et al.,             NOTICE OF SUBMISSION

      Defendants.           OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      \_\_\_\_\_ <u>one</u> completed summons form;

      \_\_\_\_\_ <u>[#]</u> completed USM-285 forms; and

      \_\_\_\_\_ <u>[#]</u> true and exact copies of the complaint filed [date].

DATED: _____.

_____

Plaintiff